IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL S. DAVIS and | § | |
| DEBRA L. DAVIS, | § | No. 142, 2018 |
| | § | |
| Defendants Below, | § | Court Below: Court of Chancery of |
| Appellants, | § | the State of Delaware |
| | § | |
| v. | § | C.A. No. 11829 |
| | § | |
| KEVIN PULLIN and | § | |
| JOANN PULLIN, | § | |
| | § | |
| Plaintiffs Below, | § | |
| Appellees. | § | |

Submitted: September 7, 2018
Decided: November 30, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

# O R D E R

(1)    The parties—defendants below/appellants Michael S. Davis and Debra L. Davis and plaintiffs below/appellees Kevin Pullin and Joann Pullin—own adjacent lots in Linn Woods, a subdivision located in Sussex County. The Davises, the owners of Lot 2, have appealed the Court of Chancery's February 22, 2018 letter decision summarizing a January 24, 2018 bench ruling of the court, which found the existence of an implied easement that allows the Pullins, the owners of Lot 1, to use and maintain a septic system that was installed on Lot 2 for the benefit of Lot 1.[1]

---

[1] 2018 WL 1023157 (Del. Ch. Feb. 22, 2018).

Also, in its February 22 letter decision, the court held defendant-Michael Davis liable in the amount of $4,230 "for wrongfully blocking the septic line and interfering with the easement during the time when the record indicates the septic system was operating properly."[2]

(2) On appeal, the Davises attempt to dispute the testimony of an expert witness who testified at trial, but because they did not provide the Court with a transcript of the challenged testimony, we are unable to evaluate the merit of those claims.[3] We also cannot consider certain documents that were submitted by the Davises on appeal when those documents were not considered by the Court of Chancery in the first instance and are not a part of the record on appeal.[4]

(3) Having carefully considered the parties' briefs and the record on appeal, we conclude that the judgment of the Court of Chancery should be affirmed. To the extent the issues raised on appeal are factual, the evidence supports the Court of Chancery's factual findings. To the extent the alleged errors are attributed to an abuse of discretion, the record does not support those assertions. To the extent the

[2] *Id.*

[3] Del. Sup. Ct. R. 14(e) (requiring the appellant to provide the Court with "such portions of the trial transcript as are necessary to give this Court a fair and accurate account of the context in which the claim of error occurred and . . . a transcript of all evidence relevant to the challenged finding or conclusion"); *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987).

[4] Del. Sup. Ct. R. 9(a) ("An appeal shall be heard on the original papers and exhibits which shall constitute the record on appeal."); *Delaware Elec. Co-op, Inc. v. Duphily*, 703 A.2d 1202, 1206–07 (Del. 1997) (holding that materials not offered into evidence and considered by the trial court are not a part of the record on appeal).

issues on appeal are legal, they are controlled by Delaware law, which was properly applied.

NOW, THERFORE, IT IS ORDERED that the judgment of the Court of Chancery is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

3